IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES OLD AND DANA OLD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-20-1228-C |
| ) | |
| ALLSTATE VEHICLE AND PROPERTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed the present action asserting claims for breach of contract and bad faith arising from Defendant's alleged under-valuation of damage to their roof following a wind and hailstorm. The parties have now reached an impasse as to the timing of certain discovery requests.

Defendant requested that its counsel and a consultant be permitted to inspect Plaintiffs' roof prior to Plaintiffs taking the deposition of Defendant's adjuster, Eric M. Crump. Defendant does not argue that Plaintiffs are not entitled to depose Mr. Crump; rather, Defendant argues its counsel should be permitted to inspect Plaintiffs' roof prior to the deposition. According to Defendant, the inspection is necessary to permit counsel to see the roof and understand the technical significance of what he is observing. Plaintiffs do not dispute that Defendant is entitled to the inspection; rather, Plaintiffs' objection is to the timing of the inspection. Plaintiffs argue that the issue in the bad faith case is what Defendant knew at the time it denied the claim. According to Plaintiffs, permitting the requested inspection could permit Defendant to alter the basis for its denial based on this

post-litigation inspection. Plaintiffs argue they should be permitted to depose the person who made the denial before any further inspections occur. Plaintiffs note that Defendant has previously inspected the roof three times by six adjustors/experts. Thus, Plaintiffs assert Defendant has ample evidence from which counsel can understand the technical aspects of their roof.

After consideration of the parties' arguments, the Court finds that Defendant's Motion should be denied. Neither party provides clear precedential or persuasive authority in favor of their position. As the party seeking to quash the Notice, the burden is on Defendant to persuade the Court. Defendant has failed to meet that burden. In contrast, as Plaintiffs note, the issue in the bad faith claim is Defendant's knowledge at the time the claim was denied. See Buzzard v. McDaniel, 1987 OK 28, 736 P.2d 157. Thus, the deponent's knowledge at the time he made the decision on Plaintiffs' claim is the issue. Plaintiffs have demonstrated that Defendant's counsel has adequate materials in the claim file to prepare to defend that deposition.

In its opening Motion, Defendant argues the process to obtain Mr. Crump's deposition was defective. In their Response, Plaintiffs assert they have corrected those defects. As Defendant does not argue the matter further, the Court finds the matter resolved.

As set forth more fully herein, Defendant Allstate Vehicle and Property Insurance Company's Motion to Quash Notice of Deposition and for Protective Order to Permit

Defense Counsel's Inspection of Evidence Prior to Discovery Depositions (Dkt. No. 22) is DENIED.

IT IS SO ORDERED this 26th day of May 2021.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge