IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES OLD AND DANA OLD, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-20-1228-C |
| | ) |
| ALLSTATE VEHICLE AND PROPERTY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## O R D E R

Plaintiffs filed the present action asserting claims for breach of contract and bad faith arising from Defendant's alleged undervaluation of damage to their roof following a wind and hailstorm. The parties have now reached an impasse as to the discovery of one of Defendant's experts – Michael Berryman.

Defendant retained Mr. Berryman to offer expert opinion regarding the scope of work necessary to repair Plaintiffs' roof. As part of his opinion, Mr. Berryman testified that the services of a general contractor are not necessary and so Mr. Berryman opined that any additional costs such as overhead and profit for a general contractor were not a valid part of Plaintiffs' claim. Plaintiffs argue this is essentially a boilerplate opinion of Mr. Berryman. During Mr. Berryman's deposition, Plaintiffs' counsel learned that in the past Mr. Berryman had been compensated by his own insurance company for a roof loss and that as part of that claim that Mr. Berryman had requested and recovered from his insurer overhead and profit for a general contractor. Plaintiffs now seek discovery of the claims

materials from Mr. Berryman's claim. According to Plaintiffs, these materials are relevant to show bias by Mr. Berryman.

Fed. R. Civ. P. 26(b)(1) in pertinent part states: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." To be relevant, the evidence must have at least some tendency to prove or disprove an element of the case. Evidence need not be admissible to be discoverable. Applying these standards, the Court finds that the information regarding Mr. Berryman's personal insurance claim is not discoverable. First, the Court is not persuaded that the information in any way speaks to Mr. Berryman's credibility. Plaintiffs have failed to offer any evidence demonstrating the circumstances of Mr. Berryman's claim are sufficiently similar to theirs that information about that claim could be said to demonstrate bias by Mr. Berryman. Second, there is no evidence that the procedures of the two different insurance companies involved are so similar that the results in one case can translate to the other. Finally, there is no evidence to support Plaintiffs' claim that Mr. Berryman never permits general contractor overhead and profit in his opinions.

Accordingly, Plaintiffs' Motion to Compel Michael J. Berryman's Compliance with Subpoena Duces Tecum (Dkt. No. 62) is DENIED.

IT IS SO ORDERED this 1st day of March, 2022.

ROBIN J. CAUTHRON
United States District Judge