IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES OLD AND DANA OLD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-20-1228-C |
| ) | |
| ALLSTATE VEHICLE AND PROPERTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiffs filed the present action asserting claims for breach of contract and bad faith arising from Defendant's alleged undervaluation of damage to their roof following a wind and hailstorm. The parties have now reached an impasse as to the discovery of draft reports of one of Defendant's experts – Jeff Scott, P.E.

Defendant retained Donan Engineering ("Donan") to examine Plaintiffs's roof following the damage claim. Donan assigned one of its engineers, Jeff Scott, to examine the roof. At the time, Mr. Scott was in training with Donan. Following his inspection, Mr. Scott prepared his report and submitted the report to his manager pursuant to his training program. The manager then suggested several changes to the report. According to Plaintiffs, when Mr. Scott first drafted his report, he concluded the roof was not repairable. However, after the manager made his suggestions, the report was amended to reflect that Plaintiffs' roof could be repaired.

Plaintiffs issued a subpoena duces tecum to Donan which seeks any and all documentation reflecting this change, including any redline documents or other document reflecting the suggestions made by the supervisor. Donan objects to the subpoena, arguing

that Fed. R. Civ. P. 26(b)(4)(B) specifically addresses the issue and bars discovery of draft reports. Plaintiffs do not dispute the reach of Rule 26(b)(4)(B), but argue it is inapplicable because Mr. Scott's report was prepared prior to the filing of this action and therefore it was not prepared in anticipation of litigation.

It is undisputed that Defendant has identified Mr. Scott as an expert witness who will testify at trial. It is further undisputed that Mr. Scott will testify to the matters addressed in his report. Under these facts it seems clear that Mr. Scott's drafts are protected from discovery by Rule 26(b)(4)(B). Plaintiffs seek to avoid application of the Rule by arguing that because the report and any drafts were prepared prior to the lawsuit being filed, that those documents were not prepared "in the course of litigation" and so are not subject to the Rule. The Court is unpersuaded by Plaintiffs' attempt to parse the timeline to avoid the clear application of Rule 26(b)(4)(B). As noted, Mr. Scott is listed as an expert trial witness. Further, the materials sought by Plaintiffs are clearly within the scope of Rule 26(b)(4)(B). The Court finds it immaterial for application of the Rule that the materials were prepared prior to litigation being filed. Accordingly, Plaintiffs' Motion will be denied.

As set forth more fully herein, Plaintiffs' Motion to Compel Donan Engineering Company, Inc.'s Compliance with Subpoena Duces Tecum (Dkt. No. 63) is DENIED.

IT IS SO ORDERED this 1st day of March 2022.

ROBIN J. CAUTHRON
United States District Judge